UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEATHA JOYNER, CAROLYN JOYNER,
TAYSHAWN JOYNER and TIFFANY BRYANT

                                        Plaintiffs,

        -against-

THE CITY OF NEW YORK;
JOHN AND JANE DOE NEW YORK CITY
POLICE OFFICERS 1-8 and THEIR
SUPERVISORS, AS EMPLOYEES
OF THE CITY OF NEW YORK, AND
INDIVIDUALLY,

                                        Defendants.
-----------------------------------------------------------------X

FILED
CLERK

2016 JAN -5 PM 3: 44

U.S. DISTRICT
EASTERN DIST
OF NEW YORK

INDEX NO.:

VERIFIED COMPLAINT

PLAINTIFFS DEMAND TRIAL
BY JURY

# CV 16          0041

**GERSHON, J.**

**SCANLON, M.J.**

Leatha Joyner, Carolyn Joyner, Tayshawn Joyner and Tiffany Bryant (hereinafter "plaintiffs"

unless otherwise specified), by their attorney, Harold C. Baker, Esq., complaining of the defendants

herein, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive) against The

City of New York, (hereinafter "City of New York"), and John and Jane Doe New York City

Police Officers 1-8, whose identities are presently unknown hereinafter "police officer

defendants," who are police officers and employees of the New York City Police Department,

(hereinafter "the NYPD"), and/or supervisors who participated in the wrongful seizure, arrest,

detention and interrogation of plaintiffs, arising out of the false arrest, assault, battery, filing of

1

false reports regarding, and false imprisonment of plaintiffs and arising out of the defendants'
failure to intervene and prevent the wrongful and false seizure and arrest of the plaintiffs.

  2.  It is alleged that on October 6, 2014, the police officer defendants, employees of the
City of New York, individually and as supervisory employee(s) of the NYPD, and as agents,
servants and/or employees of the NYPD, acting in concert, under color of state laws, intentionally
and willfully subjected plaintiffs to, inter alia, wrongful and unlawful entry into 415 Lafayette
Avenue, Apartment 1G, Brooklyn, NY, wrongful and false arrest, false imprisonment, detention,
interrogation, assault, battery, and the filing of false reports against plaintiffs for acts of which
plaintiffs were innocent and the failure to intervene and stop the wrongful and false arrest of
plaintiffs.

<b><u>THE PARTIES</u></b>

  3.  At all times hereinafter mentioned, plaintiffs were and still are residents of the
County of Kings, in the City and State of New York.  Plaintiffs Leatha Joyner and Carolyn Joyner
reside at 415 Lafayette Avenue, Apartment 1G, Brooklyn, NY 10003.  Plaintiff Tayshawn Joyner
resides at 470 Dekalb Avenue, Apartment 9B, Brooklyn, NY 11205, and Plaintiff Tiffany Bryant
resides at 855 East 23rd Street, Apartment 3J, Bronx, NY 10456.

  4.  At all times relevant and material herein, the defendant City of New York was and
still is a domestic municipal corporation, duly organized and existing under and by virtue of the
Laws of the State of New York.

  5.  At all times relevant and material herein, the police officer defendants were
employees of the New York City Police Department of the City of New York.

  6.  At all times relevant and material herein, the police officer defendants were
personnel of the NYPD and of defendant City of New York.

2

## JURSIDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

8.     Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

9.     Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## CONDITIONS PRECEDENT

10.     Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

11.     With regard to all plaintiffs, Notices of Claim for false arrest, false imprisonment, battery, assault, violation of civil rights and related claims against the City of New York and the defendant police officers were filed on December 8, 2014.

12.     Hearings pursuant to GML 50-H were held for Leatha Joyner and Carolyn Joyner on March 11, 2015; for Tayshawn Joyner on March 18, 2015; and for Tiffany Bryant on March 12, 2015.

3

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

13.     Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

14.     At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department, known as the NYPD, as part of and in conjunction with its municipal functions.

15.     The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

16.     The police officer defendants were, at all times relevant hereto, employees of the NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of the NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

17.     Upon information and belief, the police officer defendants were graduates of the Police Academy of the City of New York.

18.     At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the police officer defendants, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

19.     In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and

4

Patrol levels the defendant officers, the police officer defendants in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

20.    At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

21.    At all times mentioned herein, the defendants' acts constituted state action.

22.    On October 6, 2014, the police officer defendants, and other officers of the NYPD and their supervisors were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as plaintiffs.

23.    On October 6, 2014 at approximately 6:00 a.m., the police officer defendants, members of the NYPD, forcibly entered 415 Lafayette Avenue, Apartment 1G, Brooklyn, NY, broke the lock mechanism on the door, screamed at plaintiffs, pointed firearms at plaintiffs, threatened plaintiffs, forced plaintiffs, who were either naked or partially clothed, at gunpoint to get out of their beds and with unjustified physical force, pushed them to the floor, causing physical injury, and forced them to lie on the floor of the apartment for a period of time, illegally searched plaintiffs, handcuffed plaintiffs, interrogated plaintiffs, illegally ransacked apartment 1G, wherein plaintiffs resided, and in so doing caused physical injury and mental and emotional trauma to plaintiffs and damaged personal belongings of the plaintiffs.

24.    At the time of the illegal forcible entry into 415 Lafayette Avenue, Apartment 1G, Brooklyn, NY by the NYPD, plaintiffs were not engaged in any criminal behavior. When the police burst into their rooms, plaintiffs Leatha Joyner and Tiffany Bryant were naked and were not allowed to get dressed by the police defendants for a long period of time as the raid unfolded.

5

The police officer defendants only permitted them to get dressed when defendants forcibly removed plaintiffs from the apartment.

25.     Eventually, the police forcibly moved plaintiffs Leatha Joyner, Tayshawn Joyner and Tiffany Bryant from the apartment, into the hallway of the building and then outside where they were forced at gun point, in hand cuffs into a police vehicle. All of this occurred in full view of neighbors and/or spectators, causing plaintiffs to experience extreme humiliation and ridicule.

26.     Plaintiff Carolyn Joyner was so traumatized that she became catatonic and unable to speak due to the violent and brutal nature of the raid. The police defendants ignored her serious medical condition, failed to perform any kind of first aid or medical assessment, failed to call an ambulance or otherwise seek to obtain medical treatment and/or evaluation of plaintiff Carolyn Joyner. Plaintiff Carolyn Joyner was abandoned by the defendant police officers.

27.     The police officer defendants transported plaintiffs Leatha Joyner, Tayshawn Joyner and Tiffany Bryant to a police precinct where plaintiffs were held against their will in jail cells for hours. Plaintiffs were separated and interrogated by the police officer defendants without having their Miranda rights read to them. The police officer defendants threatened Plaintiffs with imprisonment and prosecution if they did not provide information to the police defendants regarding criminal activity. Plaintiffs were forced to sign documents and then released from the precinct. All of the above actions were committed by the defendants against plaintiffs despite the fact that none of the plaintiffs had committed any crime and without just, reasonable, lawful or proper cause to seize, arrest and detain plaintiffs.

28.     At no time herein did any plaintiff ever act in an unlawful or disorderly fashion. At no time did plaintiffs act in any way, fashion or manner which justified the use of force in

6

pointing firearms at plaintiffs, forcing plaintiffs to the floor and holding plaintiffs at gunpoint and thereafter handcuffing, arresting, interrogating and jailing plaintiffs.

29.     Plaintiff Leatha Joyner suffered bruising and swelling to her shoulders, breasts and knees, exacerbation of prior injuries and suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on her, the unjustified refusal of the officers to allow her to put clothes on and her subsequent unlawful detention. She will be required to receive medical treatment and psychological support for her trauma. This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

30.     Plaintiff  Carolyn Joyner, suffered shock, severe emotional and physical trauma and humiliation as a result of the unjustified seizure and assault of her, and exacerbation of previous injuries and conditions. She will be required to receive physiological and psychological support for her injuries and trauma. This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

31.     Plaintiff Tayshawn Joyner suffered bruising and swelling to his body and wrists, severe emotional trauma and humiliation as a result of the unjustified seizure, assault, detention and interrogation by the defendant police officers. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

32.     Plaintiff Tiffany Bryant suffered severe emotional trauma and humiliation as a result of her unjustified seizure, assault, detention and interrogation by the defendant police officers, and as a result of the unjustified refusal of the officers to allow her to put clothes on during the initial stage of her seizure by defendant police officers and her subsequent unlawful

detention. She will be required to receive psychological support for her trauma. This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

33.    Upon information and belief, the police officer defendants, and other officers, employees of the NYPD, wrongfully and improperly entered 415 Lafayette Avenue, Apartment 1G, Brooklyn, NY seized, detained, arrested and interrogated plaintiffs in violation of the fourth amendment of the Constitution, when, in fact, plaintiffs had committed no crime.

34.    Upon information and belief, the police officer defendants, and their supervisors, employees of the NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, seized, detained, arrested and interrogated plaintiffs when it was not right, just, lawful, proper, or necessary to do so.

35.    On October 6, 2014, employees of the NYPD, including the police officer defendants, and their supervisors, acting in concert, maliciously and with intent to injure plaintiffs, and without just cause or any right to do so, pointed fire arms at plaintiffs, forced plaintiffs to lie, with little clothing on, on the floor of the location, handcuffed plaintiffs, forcibly removed them from the location, transported them in handcuffs to a police precinct, and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs.

36.    The arrest of the plaintiffs by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

37.    Defendants acted maliciously and intentionally.

38.    Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the defendants, and were confined in various facilities of the NYPD, and defendant City of New York, including a police precinct.

8

39.     At the time of their unlawful seizure, plaintiffs Leatha Joyner, Carolyn Joyner, Tayshawn Joyner were lawfully in their or their family's home, and plaintiff Tiffany Bryant was lawfully an over-night guest at 415 Lafayette Avenue, Apartment 1G, Brooklyn, NY not violating any laws, nor committing any crime.

40.     The arrest charges against plaintiffs were disposed of, in their favor, as all plaintiffs were released before any criminal charges were filed against them in court. Since then, no criminal charges have ever been filed against them based on the illegal search and seizure that occurred on October 6, 2014.

41.     As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons; to remain silent when questioned by the police, and to be given the opportunity to consult with an attorney prior to being interrogated by the police,

> Physical injury, embarrassment, humiliation, loss of liberty, emotional distress and mental anguish.

42.     The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person, freedom from unlawful interrogation, the right to remain silent and the right to counsel

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST THE CITY OF NEW YORK AND INDIVIDUAL DEFENDANTS)

43.     Plaintiffs re-allege paragraphs 1 through 42 and they are incorporated herein by reference hereinafter.

9

44.     Defendants, acting in concert and under the color of state law, have deprived plaintiffs, of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. Sections 1981, 1983 and 1985.

45.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

46.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

47.     Upon approaching plaintiffs, rousting them from their beds, forcing them at gunpoint to lie on the floor, handcuffing and arresting them, the police officer defendants, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

48.     The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

49.     The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

50.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## THIRD COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

51.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

10

52.     The defendants arrested, detained and imprisoned without warrant or probable cause, even though they knew or should have known that they were wholly innocent of any crime then and there alleged against them, and thus violated plaintiffs' Constitutional rights.

53.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## FOURTH COUNT
## (COMMON LAW ASSAULT)

54.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

55.     The defendants are liable for assault to plaintiffs.

56.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## FIFTH COUNT

## (COMMON LAW BATTERY)

57.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58.     The defendants are liable for battery to plaintiffs.

59.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SIXTH COUNT
## (COMMON LAW FALSE ARREST
## AND IMPRISONMENT)

60.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61.     The defendants are liable for false arrest and false imprisonment to plaintiffs.

62.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

11

## SEVENTH COUNT
## (COMMON LAW INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS)

63.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

64.     The defendants' conduct, in assaulting, battering and falsely seizing, detaining, wrongly interrogating, arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

65.     The defendants are liable for intentional infliction of emotional distress to plaintiffs.

66.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## EIGHTH COUNT
## (NEGLIGENT INFLICTION OF
## EMOTIONAL DISTRESS)

67.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

68.     The defendants' conduct, in assaulting, battering and falsely seizing, detaining, wrongly interrogating, arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

69.     The defendants are liable for negligent infliction of emotional distress to plaintiffs.

70.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## NINTH COUNT
## (COMMON LAW NEGLIGENCE)

71.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

12

72.     The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiffs.

73.     Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

74.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## TENTH COUNT
## (FAILURE TO INTERVENE)

75.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

76.     The defendants are liable to plaintiffs for failing to intervene and stop the wrongful and unlawful entry into; and search of, 415 Lafayette Avenue, Apartment 1G, Brooklyn, NY, and for failing to intervene and stop the wrongful and unlawful assault, battery, seizure, detention, interrogation and arrest of plaintiffs.

77.     Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

78.     As a result thereof, plaintiffs claim damages for the injuries set forth above.


**WHEREFORE,** plaintiffs, individually, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of Five Million ($5,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

13

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
       January 4, 2015

                      Yours,

HAROLD BAKER, ESQ. (hb2179  )

By: _____

Harold C. Baker, Esq.,
Attorney for Plaintiffs Leatha Joyner, Carolyn Joyner, Tayshawn Joyner and Tiffany Bryant
32 Court Street, Suite 507
Brooklyn, New York
(718) 858-7927

14

INDIVIDUAL VERIFICATION

State of New York          )
                           ) ss:
County of Kings            )

LEATHA JOYNER hereby swears, deposes and says that I am a PLAINTIFF in the within action, that I have read the foregoing Verified Complaint and know the contents thereof to be true, except as to those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Sworn to before me this _5th_ day
Of January, 2016

_____
LEATHA JOYNER

_____
NOTARY PUBLIC

NEIL COHEN
NOTARY PUBLIC, State of New York
No. 02CO4856107
Qualified in Kings County
Commission Expires August 31, 20_17_

15

INDIVIDUAL VERIFICATION
State of New York            )
                            ) ss:
County of Kings             )

CAROLYN JOYNER hereby swears, deposes and says that I am a PLAINTIFF in the within action, that I have read the foregoing Verified Complaint and know the contents thereof to be true, except as to those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Sworn to before me this __ day
Of January, 2016                                CAROLYN JOYNER


NOTARY PUBLIC

NEIL COHEN
NOTARY PUBLIC, State of New York
No. 02CO4656107
Qualified in Kings County
Commission Expires August 31, 20 __

16

INDIVIDUAL VERIFICATION
State of New York           )
                            ) ss:
County of Kings             )

TAYSHAWN JOYNER hereby swears, deposes and says that I am a PLAINTIFF in the within action, that I have read the foregoing Verified Complaint and know the contents thereof to be true, except as to those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Sworn to before me this _____ day                _Tayshawn Joyner_____
Of January, 2016                                   TAYSHAWN JOYNER

_____
NOTARY PUBLIC

NEIL COHEN
NOTARY PUBLIC, State of New York
No. 02CO4656107
Qualified in Kings County
Commission Expires August 31, 20__

17

INDIVIDUAL VERIFICATION

State of New York          )
                           ) ss:
County of Kings            )

TIFFANY BRYANT hereby swears, deposes and says that I am a PLAINTIFF in the within action, that I have read the foregoing Verified Complaint and know the contents thereof to be true, except as to those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Sworn to before me this ____ day
Of January, 2016

TIFFANY BRYANT

_____
NOTARY PUBLIC

NEIL COHEN
NOTARY PUBLIC, State of New York
No. 02CO4656107
Qualified in Kings County
Commission Expires August 31, 20__

18